DISTRICT COURT.                         SEPTEMBER 20, 1861.

ADMIRALTY.

## THE ALICE.

1. The general rule in prize cases is to disregard such claims as fall within the definition of liens.

2. But where there was an equitable lien on three-fourths of the vessel for purchase-money in favor of persons who from a period anterior to the civil war had continued in the exclusive and notorious possession and control of the vessel and who were residents of non-hostile States, so much of the vessel as was represented by the lien is not confiscable. It is otherwise as to the remaining one-fourth which was owned by a resident of a hostile State.

3. The order of sale may be molded to the circumstances of such ownership, and the relative perishableness of the vessel from deterioration and daily accruing charges.

## PRIZE.

### OPINION AND ORDER.

## CADWALADER, J.

This case was by consent, heard summarily upon the information, claim and answer and proofs adduced on behalf of the claimants. And it appearing that the facts alleged by the claimants in their said answer are true as therein stated, and the Attorney of the United States admitting the sufficiency of the proofs to that effect adduced, it is considered, adjudged and decreed that there is no cause of forfeiture as to three-fourths of the said vessel, which are registered in the name of the said claimants. As to the other fourth, which stands registered in the name of C. S. Balance, the Court is of opinion that the legal interest continues in him, and is not upon the proofs adduced exempt from confiscability. But, for as much as the claimants, in right of their said lien had been from a period long anterior to the present civil war, and until the seizure on which the present proceedings are founded, still were, in the uninterrupted notorious and exclusive possession and use of the whole of the said vessel including the last mentioned one-fourth, it appears to the Court that their claim to a reimbursement of the amount equitably secured by their said lien should not in the present stage of the cause, be disallowed, absolutely. Upon this point, the Judge remarked that although the general rule in such proceeding, was to disregard wholly such claims as fall within the definition of liens, or even of mortgages, yet he would be unwilling to prejudge the question of the applicability of this doctrine to the present claim of which the peculiarities may be more fully considered in an ulterior stage of the cause. At present he excludes the applicability of the general rule, so far as to decide the other three-fourths exempt from confiscability. The proper course in the opinion of the Court is, if no other claim should be interposed as to this fourth of the vessel, to condemn it after the third default with leave to the claimants to apply, after

the marshal shall have sold the same, for the reimbursement of their lien from the proceeds.

The claimants thereupon showing to the Court that upon the return of the survey and appraisement it appears that the said vessel by reason of daily accruing charges and deterioration in port is incurring expenses and injury which render her in a relative sense perishable, pray an order that three-fourths of her be liberated from custody and discharged, and that the other fourth may be sold by the marshal, and the proceeds paid into the registry of the court, there to abide its future decree, order and direction.

The Court, on consideration, is of opinion that the vessel, is, for the reason aforesaid, perishable, in the sense of that word in which it is properly understood in proceedings like the present, and that the application of the said claimants as to the said one-fourth as well as the other three- fourths, ought to be granted.